# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| RELIABLE TRACTOR, INC., a Georgia corporation, d/b/a STAFFORD : : : Plaintiff, : : v. : : JOHN DEERE CONSTRUCTION & FORESTRY COMPANY, a Delaware corporation, as successor to JOHN DEERE INDUSTRIAL EQUIPMENT COMPANY, : : : : : : Defendant. : : : | Civil Action No. 7:07-CV-00043-HL |

# ORDER

Plaintiff Reliable Tractor, Inc. is an authorized dealer of Defendant John Deere Construction & Forestry Company's ("John Deere") Forestry Equipment and Utility Equipment lines. The dealer agreements under which Plaintiff operates as an authorized John Deere dealer were entered into by Plaintiff and Defendant in 1984. On March 27, 2007, Defendant John Deere issued a notice of termination to Plaintiff, stating that Defendant was going to terminate the dealer agreements in 120 days. The dealer agreements specifically state that John Deere may terminate the agreements without cause if John Deere gives 120 days notice prior to termination. At the time Plaintiff and Defendant entered into the dealer agreements, Maryland did not have any law that prohibited the termination of a dealer

1

agreement without cause.[1] In 1987 Maryland enacted the Equipment Dealer Contract Act (the "Equipment Dealer Act"). See MD. CODE ANN., COM. LAW §§ 19-101 to 19-305 (West 2007). In 1998 the Maryland Legislature amended the Equipment Dealer Act to provide that equipment suppliers, such as John Deere, cannot terminate a dealer agreement "without good cause" (the "good cause provision"). See MD. CODE ANN., COM. LAW § 19-103.

In this case, Plaintiff contends that Defendant is attempting to terminate its dealer agreement without good cause, which is prohibited by the Equipment Dealer Act. Defendant, on the other hand, contends that the Equipment Dealer Act's good cause provision does not apply to this case because the good cause provision was enacted after the dealer agreements at issue were executed, and Maryland law does not permit the retroactive application of a law in the absence of clear legislative intent. Morever, Defendant contends that even if Maryland law permits the retroactive application of the good cause provision to the dealer agreements, such a retroactive application would violate the Contracts Clause of

---

[1] As this is a diversity case, state substantive law will apply. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). To determine which state's substantive law will apply, courts use the choice of law rules of the forum state, which in this case is Georgia. See Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 491 (1941). In determining which state's law applies in contracts cases, Georgia courts follow the doctrine of lex loci contractus, which provides that contracts "'are to be governed as to their nature, validity, and interpretation by the law of the place where they were made, except where it appears from the contract itself that it is to be performed in a State other than that in which it was made, in which case ... the laws of that sister State will be applied.'" Convergys Corp. v. Keener, 276 Ga. 808, 811 n.1 & 812, 582 S.E.2d 84, 86 n.1 & 87 (quoting General Tel. Co. of Se. v. Trimm, 252 Ga. 95, 95, 311 S.E.2d 460, 461 (1984)). Here, the agreements were entered into in Maryland, and it does not appear from the dealer agreements themselves that the agreements were to be performed in another state; therefore, Maryland law applies. This Court will provide a more thorough explanation on the choice of law issue when it rules on the Plaintiff's summary judgment motion.

the United States Constitution.  See  U.S. CONST., art. I, § 10, cl. 1.

Pursuant to Federal Rule of Civil Procedure 5.1 ("Rule 5.1"), a party who draws into question the constitutionality of a state statute must promptly "file a notice of constitutional question stating the question and identifying the paper that raises it, if..the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity." FED. R. CIV. P. 5.1.  Furthermore, the party challenging the statute's constitutionality must "serve the notice and paper...on the state attorney general."  Here, Defendant has called into question the constitutionality of the Equipment Dealer Act's good cause provision by asserting that it would violate the Contracts Clause of the United States Constitution to apply the good cause provision to a contract that was executed before the law was enacted.  Because neither the state of Maryland nor any of its agencies, officers, or employees is a party to this action in an official capacity, Defendant must comply with the requirements of Rule 5.1  As a result, Defendant is directed to file a notice of constitutional question as specified in Rule 5.1 and to serve that notice and the paper drawing into question the statute's constitutionality on the Maryland Attorney General not later than December 17, 2007.

**SO ORDERED**, this the 11th day of December, 2007.

 *s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc